45D10-2508-CT-001047
Filed: 8/28/2025 5:00 PM
Clerk
Lake Superior Court, Civil Division 6
Lake County, Indiana

USDC IN/ND case 2:25-cv-00433-PPS-AZ   document 5   filed 08/28/25   page 1 of 8

| STATE OF INDIANA | | IN THE LAKE SUPERIOR COURT |
|---|---|---|
| | SS: | |
| COUNTY OF LAKE | | CAUSE NO: |

Christopher Wilson,

    Plaintiff,

v.

U.S. STEEL CORP.,

    Defendant.

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Mr. Wilson is suing U.S. STEEL for its violations of the ADA and the FMLA. This lawsuit is filed in the Lake Superior Court because Mr. Wilson worked for U.S. STEEL in Gary, Indiana. Mr. Wilson seeks all available relief and respectfully requests a trial by jury.

                                            Respectfully submitted,

                                            */s/ Benjamin C. Ellis*
                                            Benjamin C. Ellis
                                            HKM EMPLOYMENT ATTORNEYS LLP
                                            320 N. Meridian St., Ste. 615
                                            Indianapolis, IN 46204
                                            P/F   |   (317) 824-9747
                                            Email  |  bellis@hkm.com

1. **JURISDICTION & VENUE**

    1. This Court has original jurisdiction of Mr. Wilson's claims under Ind. Code § 33-29-1.5-2, because "all superior courts have [ ] original and concurrent jurisdiction in all civil cases. . . ."

    2. This Court is a proper venue for this lawsuit, under Ind. T.R. 75(A)(4) because Mr. Wilson's claims arise out of his employment with U.S. STEEL in Lake County.

2. **PARTIES**

    2.1. **Plaintiff**

    3. Plaintiff Christopher Wilson resides in LaPorte County, Indiana.

    2.2. **Defendant**

    4. Defendant U.S. STEEL CORP. is a foreign for-profit corporation (Business ID No. 2002010400423) with its principal offices located in Allegheny County, Pennsylvania.

3. **STATEMENT OF FACTS**

    5. Mr. Wilson began working for U.S. STEEL as a Utility Technician in June 19, 2001.

    6. U.S. STEEL began the process of terminating his employment on February 6, 2025.

    7. Mr. Wilson suffers from c-spine strain and cervical radiculopathy which causes chronic back and shoulder pain and neuropathy.

2

8. This condition substantially interferes with major life activities, including working.

9. Mr. Wilson has sought and taken family and medical leave on several occasions during his employment with U.S. STEEL beginning in 2018.

10. U.S. STEEL has also, however, attempted to terminate Mr. Wilson's employment on several occasions since he requested family or medical leave.

11. Mr. Wilson was warned, on several occasions between 2021 and 2025, including by at least one foreman, that U.S. STEEL was looking for a reason to terminate his employment

12. As it relates to his shoulder and back, Mr. Wilson first took a continuous leave from June 23, 2020 through September 11, 2020.

13. In 2020 or 2021, Mr. Wilson had a meeting with Midrar Aman (Area Manager) during which Aman told him words to the effect of "if we can't get you to come to work with conversations, we'll have to take a different approach."

14. Mr. Wilson was later approved to take intermittent leave for his back and shoulder from March 5, 2021 through March 5, 2022.

15. On or about October 2021, U.S. STEEL placed Mr. Wilson on a last chance agreement stating that Mr. Wilson would be terminated if he had any write-ups during his next 6,250 hours of work.

16. Mr. Wilson was again approved to take intermittent leave for his back and shoulder from April 28, 2023 through April 28, 2024.

17. On or about May 31, 2023, U.S. STEEL issued a letter directing Mr. Wilson to bring in medical documentation for a day on which he took leave.

3

18. U.S. STEEL later required Mr. Wilson to submit to a medical evaluation and to provide a HIPAA release, giving the company access to his medical records.

19. Mr. Wilson was warned that a failure to comply with this demand could result in the termination of his employment.

20. On or about January 24, 2024, Mr. Wilson met with Bruce Brennan (Division Manager), Nancy Jocic (Area Manager), and Tim Johnson (then-Section Griever) about his absences.

21. During that meeting, Jocic told Mr. Wilson words to the effect of "we know you have FMLA, but we'd like to ask that you don't use it."

22. Brennan also told Mr. Wilson words to the effect of "orders are full throughout the year and we really need you to be at work."

23. On January 26, 2024, just two days after this meeting, Mr. Wilson had to take a continuous medical leave through March 8, 2024 due to a broken finger.

24. In April 2024, Mr. Wilson's intermittent leave for his back and shoulder was extended through April 28, 2025.

25. On May 14, 2024, U.S. STEEL attempted to discipline Mr. Wilson for taking unapproved leave.

26. As a result, Mr. Wilson was removed from the schedule and locked out of the plant/mill.

27. Because Mr. Wilson was approved for leave, he grieved that discipline.

28. Mr. Wilson was never informed of the outcome of the grievance, but he was allowed to return to work without any further consequence.

29. When Mr. Wilson later inquired about the status of that discipline, he was told words to the effect of "don't worry about it."

30. On January 17 and 28, 2025, Mr. Wilson called off from work because of symptoms of his neuropathy.

31. On February 6, 2025, Timothy Johnson (Grievance Chairperson) called Mr. Wilson and told him that he was being written up and locked out for vaping on the mill floor on February 5.

32. Johnson told Mr. Wilson that Brennan saw him vaping on the floor.

33. U.S. STEEL then terminated Mr. Wilson's employment, subject to the outcome of a grievance process.

34. As of February 6, 2025, Mr. Wilson had completed roughly 5,700 hours of work without a write-up.

35. Mr. Wilson anticipated completing the 6,250 hours of work required by the last chance agreement by approximately April or May 2025.

36. U.S. STEEL has a drug and alcohol policy that prohibits smoking on the mill floor, but many of Mr. Wilson's coworkers openly vape on the mill floor without being disciplined.

37. Mr. Wilson is also aware of at least one employee who smokes cigarettes on the mill floor without being disciplined.

38. Moreover, Mr. Wilson was allowed to work all day on February 5, 2025, without anyone approaching him about vaping on the floor.

39. Through the grievance process relating to Mr. Wilson's termination, he obtained a copy of his disciplinary record.

5

40. The documents U.S. STEEL provided falsely claimed that Mr. Wilson was disciplined for violating its alcohol/drug/MOA/LCA policy on May 14, 2024.

41. This disciplinary history is inconsistent with what Mr. Wilson was told at that time, which is that he was being disciplined for taking unauthorized leave.

## 4. STATEMENT OF CLAIMS

### 4.1. Disability discrimination in violation of the ADA

42. Mr. Wilson is qualified to perform the duties of a Utility Technician.

43. Mr. Wilson suffers from c-spine strain and cervical radiculopathy, which are disabilities.

44. U.S. STEEL knew of Mr. Wilson's disabilities.

45. U.S. STEEL terminated Mr. Wilson's employment, an adverse employment action.

46. There is a causal link between Mr. Wilson's disabilities and U.S. STEEL's adverse employment action.

### 4.2. Retaliation in violation of the ADA

47. Mr. Wilson requested intermittent leave as an accommodation for his c-spine strain and cervical radiculopathy, a protected activity.

48. U.S. STEEL terminated Mr. Wilson's employment, an adverse employment action.

49. There is a causal link between Mr. Wilson's protected activity and U.S. STEEL's adverse employment action.

6

### 4.3. Interference in violation of the FMLA

50. Mr. Wilson was eligible for FMLA protection.

51. U.S. STEEL is an employer covered by the FMLA.

52. Mr. Wilson was entitled to leave under the FMLA.

53. Mr. Wilson notified U.S. STEEL of his intent to take leave.

54. U.S. STEEL took steps to discourage or otherwise interfere with Mr. Wilson's leave, including through his last-chance agreement, comments regarding his leave and attendance, improper requests for medical documents or information, and its actual and attempted disciplinary actions.

### 4.4. Retaliation in violation of the FMLA.

55. Mr. Wilson requested and took leave, which were protected activities.

56. U.S. STEEL terminated Mr. Wilson's employment, an adverse employment action.

57. There is a causal connection between Mr. Wilson's protected activity and U.S. STEEL's adverse employment actions.

## 5. PRAYER FOR RELIEF

Mr. Wilson respectfully requests that judgment be entered in his favor, and against U.S. STEEL on all claims, for its violations of the ADA and the FMLA. Mr. Wilson seeks all available relief on his claims, including the following:

a. Back pay;

b. Reinstatement (or front pay);

c. Compensatory and punitive damages;

d. Liquidated damages;

e. Attorney fees and costs; and

f. Prejudgment and postjudgment interest.

## 6. JURY DEMAND

As required by Ind. T.R. 38(B), Mr. Wilson respectfully requests a trial by jury on all issues so triable.